**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**LESTER FREEMAN,**

                **Plaintiff,**

    **v.**                                      **07-CV-01123**
                                              **(GLS/DRH)**

**LUCILLE MCKNIGHT, ET AL.,**

                **Defendants.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Lester Freeman
*Pro Se*
4 Cuyler Street
Albany, New York 12202

**FOR THE DEFENDANT:**

*NO APPEARANCE*

**Gary L. Sharpe**
**U.S. District Court Judge**

### Decision and Order

     On October 30, 2007, *pro se* plaintiff Lester Freeman filed an Order to Show Cause for a Preliminary Injunction/Temporary Restraining order asking the court to temporarily enjoin the certification of the 2nd Legislative

District Albany County Democratic Primary. *See Dkt. No.* 4.  In this District, Orders to Show Cause are governed by Local Rule 7.1(e) which imposes an adversarial notice requirement as follows:

> In addition to the requirements set forth in Local Rule 7.1(a)(1) and (2), a motion brought by Order to Show Cause must include an affidavit clearly and specifically showing good and sufficient cause why the standard Notice of Motion procedure cannot be used.  Reasonable advance notice of the application for an Order to Show Cause must be given to the other parties, except in those circumstances where the movant can demonstrate, in a detailed and specific affidavit, good cause and substantial prejudice that would result from the requirement of reasonable notice.

In order for the court to grant a temporary restraining order, plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction.  *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.* 965 F.2d 1224, 1228 (2d Cir. 1992).   In general, a district court may grant a preliminary injunction where the moving party establishes:  (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor.  *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 -511

(2d Cir. 2005). "Such relief...is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. " *Id.*

Having reviewed the preliminary injunction/temporary restraining papers (*Dkt. No.* 4), Freeman has satisfied neither the notice requirement imposed by Local Rule nor shown the necessary requirements for the granting of a Preliminary Injunction/TRO.

Accordingly, and for the reasons stated, it is hereby

**ORDERED** that the Order To Show Cause and application for preliminary injunction/temporary restraining are **HEREBY DENIED** (*Dkt. No.* 4).

**SO ORDERED.**

**Dated:    November 2, 2007**
**Albany, New York**

Gary L. Sharpe
U.S. District Judge