**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**LESTER FREEMAN,**

                       **Plaintiff,**

      **v.**                                  **07-CV-01123
                                                         (GLS/DRH)**

**LUCILLE MCKNIGHT, ET AL.,**

                       **Defendants.**

---

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Lester Freeman
*Pro Se*
4 Cuyler Street
Albany, New York 12202

**FOR THE DEFENDANTS:**

Napierski, Vandenburgh Law Firm         ASA S. NEFF, ESQ.
296 Washington Avenue Ext.
Albany, New York 12203

**Gary L. Sharpe
U.S. District Court Judge**

## Decision and Order

On October 30, 2007, *pro se* plaintiff Lester Freeman filed an Order

to Show Cause for a Preliminary Injunction/Temporary Restraining Order

asking the court to enjoin the certification of the 2nd Legislative District Albany County Democratic Primary.  (Dkt. No. 4.)  By Decision and Order dated November 2, 2007, the court denied Freeman's application for a preliminary injunction and TRO.  (Dkt. No. 5.)  Pending are: (1) the motion by defendants Albany County, John Graziano, and Mathew Cline for an Order dismissing the Complaint for lack of standing, lack of subject matter jurisdiction, and mootness, (Dkt. No. 7); and (2) the motion by defendant Lucille McKnight for an Order dismissing the Complaint on the same grounds, (Dkt. No. 8).  The motions, which the court construes as motions for summary judgment,[1] are unopposed.

> The Local Rules provide that
>
> [w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown.

 N.D.N.Y. Local Rule 7.1(b)(3).  Here, the defendants have demonstrated their entitlement to the relief requested.  The relief Freeman seeks in his Complaint is a declaration certifying him as the winner of the primary election for Democratic candidate for the general election for the Second

---

[1] The defendants have submitted Statements of Material Facts pursuant to N.D.N.Y. R. 7.1(a)(3), which governs motions for summary judgment.

Legislative District in the Albany County Legislature.  (Compl. ¶ 15, Dkt. No. 1.)  However, the general election was held on November 6, 2007.  (*See* Defs.' Statement of Material Facts ¶ 7, Dkt. No. 7.)  Thus, the relief sought by Freeman is moot.  *See Freedom Party v. N.Y.S. Bd. of Elections,* 77 F.3d 660, 662-63 (2d Cir. 1996).[2]

In light of the court's determination that the case is moot, the court need not address the defendants' remaining contentions.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' motions for summary judgment (Dkt. Nos. 7 and 8) are GRANTED; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is DISMISSED; and it is further

**ORDERED** that the Clerk enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: February 7, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[2] In *Freedom Party,* the Second Circuit recognized that the passage of an election does not necessarily render an election case moot, because the case may fit within the category of cases that are "capable of repetition, yet evading review." *Freedom Party,* 77. F.3d at 662. However, this exception to the mootness doctrine requires that there be "a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 663 (quotation and citation omitted).  Freeman has made no allegations–let alone presented any evidence–which would lead the court to believe that he might be subjected to the complained-of actions again at some point in the future.